1   FISHER & PHILLIPS LLP
    MARK J. RICCIARDI, ESQ.
2   Nevada Bar No. 3141
3   DAVID B. DORNAK, ESQ.
    Nevada Bar No. 6274
4   300 South Fourth Street
    Suite 1500
5   Las Vegas, NV  89101
    Telephone:  (702) 252-3131
6   Facsimile:  (702) 252-7411
7   E-Mail Address:  ddornak@laborlawyers.com

8   Attorneys for Defendant

9              UNITED STATES DISTRICT COURT

10                DISTRICT OF NEVADA

11  ETHEL WILLIAMS,                    )   CASE NO.
                                       )
12              Plaintiff,             )
13       vs.                           )   NOTICE OF REMOVAL OF
                                       )   ACTION
14  PREFERRED CARE WEST II, INC., a    )
    Delaware Corporation, d/b/a MISSION)
15  PINES NURSING AND                  )
    REHABILITATION CENTER; DOES I-     )
16  X; and ROE CORPORATIONS I-X,       )
                                       )
17              Defendant.             )
18  _____)

19  TO: UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA

20       PLEASE TAKE NOTICE that Defendant, Preferred Care West II, Inc. d/b/a

21  Mission Pines Nursing and Rehabilitation Center, by and through its counsel, FISHER

22  & PHILLIPS LLP, hereby files this Notice of Removal of Action of this cause from the

23  Eighth Judicial District Court of the State of Nevada, Case No. A-15-728249-C (the

24  "State Action"), in which it is now pending, to the United States District Court for the

25  District of Nevada, and respectively states as follows:

26       1.   The jurisdiction of this court is invoked under 28 U.S.C. § 1331 and 42

27  U.S.C. § 12101, *et seq.*

28

*Left margin (vertical text):* FISHER & PHILLIPS LLP / 300 South Fourth Street, Suite 1500 / Las Vegas, Nevada 89101

- 1 -

FPDOCS 31294834.1

2.      On November 29, 2015, Plaintiff filed her Complaint in the State Action, which Complaint was served on Defendant on December 7, 2015.  All process, pleadings and orders served on Defendant in connection with the State Action are attached.

3.      The grounds for removal are as follows: the Complaint alleges claims under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*, presenting federal questions under 28 U.S.C. § 1331.

4.      This Notice of Removal of Action is executed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

DATED this 16th day of December, 2015.

FISHER & PHILLIPS LLP


 /s/ David B. Dornak, Esq.
DAVID B. DORNAK, ESQ.
300 South Fourth Street
Suite 1500
Las Vegas, Nevada 89101
Attorneys for Defendant

## CERTIFICATE OF ELECTRONIC SERVICE

This is to certify that on the 16th day of December 2015, the undersigned, an employee of Fisher & Phillips LLP, electronically filed the foregoing **NOTICE OF REMOVAL OF ACTION** with the U.S. District Court, and a copy was electronically transmitted from the court to the e-mail address on file for:

James P. Kemp, Esq.


By:  /s/ Lorraine James-Newman
An employee of Fisher & Phillips LLP

*FISHER & PHILLIPS LLP*
*300 South Fourth Street, Suite 1500*
*Las Vegas, Nevada 89101*

FPDOCS 31294834.1

- 2 -

Electronically Filed
11/29/2015 07:32:00 PM

*[signature]*

**CLERK OF THE COURT**

1  JAMES P. KEMP, ESQ.
   Nevada Bar No.: 6375
2  KEMP & KEMP
   7435 W. Azure Drive, Suite 110
3  Las Vegas, Nevada 89130
   Ph. (702) 258-1183 / Fax (702) 258-6983
4  jp@kemp-attorneys.com

5  *Attorneys for Plaintiff*

6                        **DISTRICT COURT**

7                   **CLARK COUNTY, NEVADA**
                              **\*\*\***

8  ETHEL WILLIAMS,                    )  Case No.: A-15-728249-C
                                      )
9                      Plaintiff,     )  Dept No.: XIX
                                      )
10 vs.                                )  **COMPLAINT**
                                      )
11                                    )
                                      )
12 PREFERRED CARE WEST II, INC., a    )  **JURY TRIAL DEMANDED**
   Delaware Corporation, d/b/a MISSION)
13 PINES NURSING AND REHABILITATION   )  Arbitration Exemption: action seeking
14 CENTER; DOES I-X; ROE             )  equitable or extraordinary relief.
   CORPORATIONS I-X,                  )
15                                    )
                                      )
16                     Defendant.     )

17        **COMES NOW** Plaintiff, ETHEL WILLIAMS, by and through Counsel of Record, KEMP

18 & KEMP, ATTORNEYS AT LAW, and for a cause of action does hereby state and allege as

19 follows:

20

21                            **JURISDICTION**

22 1.   This is a civil action for damages brought by ETHEL WILLIAMS against her former

23      employer, PREFERRED CARE WEST II, INC., for its willful, and without justification,

24      discrimination against her in violation of the Americans with Disabilities Act (herein "ADA"),

25      as amended, 42 U.S.C. § 12101 et seq.

26 2.   ETHEL WILLIAMS filed a charge of discrimination under the Americans with Disabilities

27      Act (as amended) and NRS 613.330 with the Nevada Equal Rights Commission (hereinafter

28

                                       1

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. AZURE DR., SUITE 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 • Fax (702) 258-6983

1    NERC) and the United States Equal Employment Opportunity Commission (hereinafter

2    "EEOC"). Plaintiff's timely charge was initially filed by submitting an intake questionnaire to

3    NERC on March 3, 2014 and the formal typewritten charge form was filed on April 8, 2014.

4    (Ex. 1)

5    3.   The NERC and EEOC both found that there was probable cause that Defendant had

6    discriminated against the Plaintiff in violation of the ADA. Defendant failed or refused to

7    engage in conciliation efforts initiated by the NERC and/or the EEOC. EEOC issued a

8    Notice of Right to Sue (Conciliation Failure) to Plaintiff ETHEL WILLIAMS on September

9    17, 2015. (See Ex. 2).

10   4.   ETHEL WILLIAMS has fully complied with all prerequisites under the ADA and has

11   adequately exhausted her administrative avenues to pursue this action in this Court. This Court

12   has subject matter jurisdiction over this case.

13   5.   This action has been timely filed.

14

15                                    **PARTIES**

16   6.   ETHEL WILLIAMS (herein "Plaintiff"), is a resident of Clark County, Nevada.

17   7.   PREFERRED CARE WEST II, INC. (herein "Defendant"), is a foreign corporation existing

18   under the laws of the State of Delaware registered with the Nevada Secretary of State and

19   authorized to conduct business in the State of Nevada. Defendant owns and/or operates and

20   does business as Mission Pines Nursing and Rehabilitation Center at 2860 E. Cheyenne

21   Avenue, North Las Vegas, Nevada, 89030.

22   8.   Defendant has continuous and ongoing business operations in the state of Nevada and Clark

23   County, and engages in an industry affecting commerce. Upon information and belief,

24   Defendant employed more than 500 employees in the two calendar years preceding the events

25   in question.

26

27

28

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. AZURE DR., SUITE 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 • Fax (702) 258-6983

2

9.   Defendant, as a corporation, can only operate by and through its agents, directors, officers, managers, supervisors, and employees. Therefore, wherever the identifying word Defendant is used, it encompasses actions by and through its agents, directors, officers, managers, supervisors, and employees.

10.  Plaintiff is unaware of the true names and capacities whether individuals, corporations, associates, or otherwise of Defendants DOE INDIVIDUALS I through X and ROE BUSINESS ENTITIES I through X, inclusive, and therefore sues these Defendants by such fictitious names.   Plaintiff is informed and believes and thereupon alleges that these Defendants, and each of them, are in some manner responsible and liable for the acts and damages alleged in this Complaint.   Plaintiff will seek leave of this Court to amend this Complaint to allege the true names and capacities of the DOE INDIVIDUAL and ROE CORPORATION Defendants when the true names of the DOE INDIVIDUAL and ROE CORPORATION Defendants are ascertained.

## ALLEGATIONS COMMON TO ALL CLAIMS

11.  Plaintiff was hired by Defendant as a Certified Nursing Assistant on or about October 6, 2006. At all times herein, Plaintiff performed at or above the reasonable expectations of Defendant.

12.  At all pertinent times mentioned herein, Plaintiff is a person with a disability as defined by the ADA.   Defendant knew or had constructive notice of this disability.

13.  At all pertinent times mentioned herein, Plaintiff was regarded as having a disability by the Defendant.

14.  At all pertinent times mentioned herein, Plaintiff had a record of having a disability. Defendant knew or had constructive notice of this disability.

15.  On June 27, 2013, the Plaintiff was admitted to the hospital due to her disability.   She was in the ICU unit and unable to communicate with the Defendant, her employer. Plaintiff was scheduled to work on June 29, 2013, but she was still in the hospital due to her disability and

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. AZURE DR., SUITE 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 • Fax (702) 258-6983

3

1   unable to contact the Defendant to inform the Defendant that she would be unable to come

2   to work.

3   16.   Plaintiff's daughter, Laquita Karam, went to the Defendant's place of business in North Las

4   Vegas and spoke with Wendy Wilson, the Director of Nursing, a manager with Defendant.

5   Ms. Karam informed Defendant, by and through Wilson, that the Plaintiff was in the hospital

6   due to her disability and would not be able to report to work.  Wilson told Ms. Karam that her

7   informing the employer was not sufficient and that she could only accept notice of an illness

8   and a need to be absent from work from the Plaintiff herself.

9

10  17.   Notwithstanding what Wilson told Ms. Karam, Karam attempted to obtain and have

11  completed a certification for leave under the Family and Medical Leave Act (FMLA); however

12  when she attempted to do so, on or about July 5, 2013, Ms. Karam was told by Defendant's

13  Human Resources personnel that the Plaintiff had been fired for being a "no call/no show."

14  This reason was false and pretextual because the Defendant was aware of the Plaintiff's illness,

15  her inability to attend work, and her hospitalization under circumstances that made it

16  impossible for her to personally call in.

17

18  18.   Plaintiff was denied one or more reasonable accommodations including, but not limited to, a

19  leave of absence necessary to receive treatment for her disability.  The Defendant's actions

20  constitute discrimination under the ADA, as amended.

21  19.   Plaintiff filed an administrative complaint with the U.S. Department of Labor, Wage and Hour

22  Division ("WHD") for a violation of the FMLA.  WHD found a violation and assessed

23  $16,041.84 in lost wages which the Defendant paid to the Plaintiff on or about August 7, 2014.

24  (Exhibit 3 hereto).

25

26  20.   U.S. Department of Labor (DOL) published a report of the FMLA violation and the

27  resulting award of lost wages on its October 16, 2014 newsletter.  (Exhibit 3 hereto and at

28  http://www.dol.gov/_sec/newsletter/2014/20141016.htm#.Vlul31ez6gU )

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. AZURE DR., SUITE 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 ● Fax (702) 258-6983

4

21. As a result of her unlawful termination from employment with the Defendant, the Plaintiff lost her apartment and became homeless and her car was repossessed. As reported by the DOL, "Newly homeless, she was forced to move from place to place. She even had to apply for food stamps. Having lost her sense of independence, Williams [Plaintiff] was in a state of desperation." Plaintiff suffered emotional distress, humiliation, and mental anguish pain and suffering.

22. The Defendant knew of Plaintiff's disability. It had been informed of her disability and her need to miss work and have leave due to her disability. Defendant's termination of the Plaintiff's employment constituted intentional discrimination in violation of the ADA and/or acted with malice or reckless indifference to the Plaintiff's rights under the federal law. Defendant knew that harm to Plaintiff's federally protected right was substantially likely and it failed to act upon that likelihood rendering its violation intentional and subject to an award of punitive damages under 42 U. S. C. § 1981a.

<u>**FIRST CAUSE OF ACTION:**</u>

**DISCRIMINATION IN VIOLATION OF THE
AMERICANS WITH DISABILITIES ACT OF 1990,
42 U.S.C. § 12101 *ET SEQ.***

23. Plaintiff repeats and re-alleges each and every pertinent allegation contained in and every other pertinent paragraph contained in this Complaint, as if set forth fully herein.

24. As fully detailed herein, Plaintiff is a person with a disability pursuant the Americans with Disabilities Act of 1990, as amended in January 2009.

25. As more fully detailed herein, Plaintiff was qualified for her job and capable of performing the essential functions of the job with or without a reasonable accommodation.

26. Plaintiff was disabled under the ADA.

27. Plaintiff was regarded as being disabled by Defendant.

28. Plaintiff had a record of having a disability.

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. AZURE DR., SUITE 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 • Fax (702) 258-6983

5

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. AZURE DR., SUITE 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 • Fax (702) 258-6983

29. Plaintiff's disability was the sole or motivating factor in Defendant's decision to terminate Plaintiff's employment.

30. Defendant failed to engage, in good faith, in an interactive process to determine and/or provide a reasonable accommodation under the ADA, thereby denying Plaintiff a reasonable accommodation. Such reasonable accommodation would have allowed Plaintiff to perform the essential functions of her job and would not have been an undue hardship on Defendant.

31. Plaintiff posed no direct threat to the health and safety of others in the workplace.

32. Defendant's acts constituted discrimination against Plaintiff with respect to her compensation, terms, conditions, or privileges of employment in violation of the Americans with Disabilities Act as amended effective January 2009.

33. Other employees, not within Plaintiff's protected class, were treated more favorably than the Plaintiff; alternatively, the Plaintiff was not provided a reasonable accommodation for her disability that resulted in her being terminated when she would not have been terminated had she been provided with the reasonable accommodation.

34. Plaintiff has suffered and will suffer in the future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, emotional distress, humiliation, loss of enjoyment of life, and other nonpecuniary loss.

35. As a result of Defendant's actions, Plaintiff has been required to hire an attorney and expend fees and costs to pursue and protect her legal rights through this action and is, therefore, entitled to recover her reasonable attorney fees and costs in an amount to be determined.

**SECOND CAUSE OF ACTION:**

**INTENTIONAL DISCRIMINATION IN VIOLATION OF THE
AMERICANS WITH DISABILITIES ACT OF 1990,
42 U.S.C. § 12101 *ET SEQ.*, PARTICULARLY 42 U.S.C. § 12112**

36. Plaintiff repeats and re-alleges each and every pertinent allegation contained in and every other pertinent paragraph contained in this Complaint, as if set forth fully herein.

37. Plaintiff is a person with a disability pursuant the Americans with Disabilities Act of 1990, as amended in January 2009.

38. Plaintiff was regarded as being disabled by Defendant.

39. Plaintiff was qualified for her job and capable of performing the essential functions of the job with or without a reasonable accommodation.

40. Plaintiff was disabled under the definitions set forth under the ADA.

41. Plaintiff had a record of having a disability.

42. Plaintiff's disability was the sole or motivating factor in Defendant's decision to terminate Plaintiff's employment.

43. Defendant failed to engage, in good faith, in an interactive process to determine and/or provide a reasonable accommodation under the ADA, thereby denying Plaintiff a reasonable accommodation. Such reasonable accommodation would have allowed Plaintiff to perform the essential functions of her job and would not have been an undue hardship on Defendant.

44. Plaintiff posed no direct threat to the health and safety of others in the workplace.

45. Defendant's acts constituted intentional discrimination against Plaintiff with respect to her compensation, terms, conditions, or privileges of employment in violation of the Americans with Disabilities Act as amended effective January 2009.

46. Defendant's violation of the ADA was willful and without justification and done with malice or reckless indifference towards Plaintiff's federally protected rights. Plaintiff is entitled to recover punitive damages in accordance with 42 U.S.C. § 1981a (b).

7

47. Plaintiff has suffered and will suffer in the future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, emotional distress, humiliation, loss of enjoyment of life, and other nonpecuniary loss.

48. Plaintiff suffered damages.

49. Plaintiff is entitled to all remedies available under the law including, but not limited to those set forth in 42 U.S.C. §§1981a (a) & (b).

50. As a result of Defendant's actions, Plaintiff has been required to hire an attorney and expend fees and costs to pursue and protect her legal rights through this action and is, therefore, entitled to recover her reasonable attorney fees and costs in an amount to be determined.

WHEREFORE, Plaintiff expressly reserves the right to amend her Complaint at or before the time of trial of the action herein to include all items of damages not yet ascertained, and demands judgment against Defendant as follows:

A. All applicable monetary relief provided for under law including, but not limited to:

1. Money damages in excess of $10,000.00;

2. Economic damages including, but not limited to, lost wages and benefits of employment, incidental and consequential damages;

3. General and compensatory damages including past and future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, emotional distress, humiliation, loss of enjoyment of life, and other nonpecuniary loss;

4. Equitable and extraordinary relief in the form of a order of reinstatement, or in the alternative front pay in lieu of reinstatement;

5. Punitive and/or Exemplary damages to deter Defendant from future intentional discrimination of a similar nature;

6. Pre-judgment and post-judgment interest on the amounts awarded at the prevailing legal rate;

8

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. AZURE DR., SUITE 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 ♦ Fax (702) 258-6983

7. For an additional amount to account for any additional taxes Plaintiff may be called upon to pay in relation to any award made herein;

8. Reasonable attorney fees, reasonable expert witness fees, and other costs of the action pursuant to federal and state statute, agreement, or court rule;

B. A trial by jury on all issues that may be tried to a jury; and/or

C. For such other and further relief as the Court may deem just and proper.

DATED this 29th day of November, 2015.

/s/ James P. Kemp
JAMES P. KEMP, ESQ.
Nevada Bar No.: 6375
KEMP & KEMP
7435 W. Azure Drive, Suite 110
Las Vegas, Nevada 89130
Ph. (702) 258-1183 / Fax (702) 258-6983

*Attorneys for Plaintiff*

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. AZURE DR., SUITE 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 • Fax (702) 258-6983

9

EXHIBIT____1____

EXHIBIT____1____

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☒ FEPA | |
| | ☒ EEOC | 34B-2014-00466 |

| Nevada Equal Rights Commission | and EEOC |
|---|---|
| State or local Agency, if any | |

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Ethel Williams-Nunley | (702) 503-1679 | 07-13-1952 |

| Street Address | City, State and ZIP Code |
|---|---|
| 5055 W. Hacienda Avenue, Apt. 1004, Las Vegas, NV 89118 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| MISSION PINES NURSING REHAB CENTER | 201 - 500 | (702) 644-7777 |

| Street Address | City, State and ZIP Code |
|---|---|
| 2860 E. Cheyenne Ave.,  North Las Vegas, NV 89030 | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

| ☐ RACE | ☐ COLOR | ☐ SEX | ☐ RELIGION | ☐ NATIONAL ORIGIN |
|---|---|---|---|---|
| ☐ RETALIATION | ☐ AGE | ☒ DISABILITY | ☐ GENETIC INFORMATION | |
| ☐ OTHER (Specify) | | | | |

DATE(S) DISCRIMINATION TOOK PLACE

| Earliest | Latest |
|---|---|
| 06/27/2013 | 07/07/2013 |

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

The Respondent discriminated against me on the basis of my disability. I was terminated on July 7, 2013. I filed my complaint with the Nevada Equal Rights Commission on March 3, 2014.

I was hired by the Respondent on October 6, 2006, and at the time of my discharge I was employed as a Certified Nursing Assistant.

On June 27, 2013, I was admitted to the hospital due to my disability. My daughter went to my place of work and spoke with Wendy Wilson, the Director of Nursing, to make her aware of my situation. However, Ms. Wilson told her she would only speak to me, which was not possible due to my condition at that time. On July 7, 2013, my regular day off, I was terminated for no call/no show.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| 4-8-14          _Ethel Williams Nunley_ | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) APR 0 8 2014 |
| Date          Charging Party Signature | |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act<br>Statement and other information before completing this form. | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| | [X] FEPA | |
| | [X] EEOC | 34B-2014-00466 |

| Nevada Equal Rights Commission | and EEOC |
|---|---|
| *State or local Agency, if any* | |

I believe the Respondent's actions violated the Americans with Disabilities Act Amendments Act (ADAAA) and Nevada State Law.

---

| ...ant this charge filed with both the EEOC and the State or local Agency, if any. I<br>I advise the agencies if I change my address or phone number and I will<br>...operate fully with them in the processing of my charge in accordance with their<br>...cedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| ...clare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to<br>the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| | APR 08 2014 |
| 8-14                    *[signature]*<br>Date          Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>*(month, day, year)* |

EXHIBIT___2___

EXHIBIT___2___

EEOC Form 161-A (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE
*(CONCILIATION FAILURE)*

| | |
|---|---|
| To:  Ethel Williams-Nunley<br>4240 Middlesex Avenue, Unit B<br>Las Vegas, NV 89110 | From:  Los Angeles District Office<br>255 E. Temple St. 4th Floor<br>Los Angeles, CA 90012 |

☐ *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 34B-2014-00466 | Karrie L. Maeda,<br>State & Local Coordinator | (213) 894-1100 |

**TO THE PERSON AGGRIEVED:**

This notice concludes the EEOC's processing of the above-numbered charge.  The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you.  In addition, the EEOC has decided that it will not bring suit against the Respondent at this time based on this charge and will close its file in this case.  This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Rosa M. Viramontes*                    September 17, 2015

Enclosures(s)

**Rosa M. Viramontes,**                 *(Date Mailed)*
**District Director**

cc:    Mary Vargas
Director of Human Resources
MISSION PINES
2860 East Cheyenne Avenue
North Las Vegas, NV 89030

EXHIBIT_____3_____

EXHIBIT_____3_____



**UNITED STATES
DEPARTMENT OF LABOR**          Promoting and Protecting Opportunity



WINNER OF 2014 AVA DIGITAL GOLD AWARD

## DOL Working for You
**Certified Nurse Assistant Fights for Her FMLA Rights — and Wins**

While in treatment at the intensive care unit of a Las Vegas hospital, certified nurse assistant Ethel Williams learned that her employer of nine years, Mission Pines Rehabilitation Center, had fired her. Her social worker reassured her that she had rights and that it appeared that she was wrongfully terminated under the Family and Medical Leave Act. Williams lost her apartment. Her car was repossessed. Newly homeless, she was forced to move from place to place. She even had to apply for food stamps. Having lost her sense of independence, Williams was in a state of desperation. Nevertheless, she was determined to fight for her rights and sought the help of the Wage and Hour Division in Las Vegas. After looking into her situation, investigator David Fragoso called her. "Ethel, I have good news for you," he said. "Can you come to our office, please?" When Williams arrived, she was handed a check for more than $16,000 in back wages. "I lost most everything but in the end came out a winner," she said.

**U.S. Department of Labor**
**Wage and Hour Division**
**Receipt for Payment of Back Wages, Liquidated Damages,**
**Employment Benefits, or Other Compensation**



I, _____**Williams,    Ethel**_____ , have received payment of wages, liquidated damages, employment
_(typed or printed name of employee)_
benefits, or other compensation due to me from _____**Mission Pines Rehabilitation Center**_____
_(name and location of the establishment)_
_____**2860 Cheyenne North Las Vegas NV 89030**_____

for the period beginning with the workweek ending _____**06/29/2013**_____ through the
workweek ending _____**03/29/2014**_____ . The amount of the payment I received is shown below.
This payment of wages and other compensation was calculated or approved by the U.S. Department of Labor Wage and Hour
Division (WHD) and is based on the findings of a WHD investigation. This payment is required by the Act(s) indicated below in
the marked box(es):

☑ Family Medical Leave Act ( FMLA )

| | | |
|---|---|---|
| Gross Amount Back Wages | **$16,041.84** Gross Amount Liquidated Damages | **$0.00** |
| Legal Deductions from Back Wages | Other Amount Paid | |
| Net Amount Received $10,148.43 | | _(please specify type)_ |

NOTICE TO EMPLOYEE: Your acceptance of this payment of wages and/or other compensation due under the Fair Labor
Standards Act (FLSA) or Family Medical Leave Act (FMLA), based on the findings of the WHD means that you have given up
the right you have to bring suit on your own behalf for the payment of such unpaid minimum wages or unpaid overtime
compensation for the period of time indicated above and an equal amount in liquidated damages, plus attorney's fees and court
costs under Section 16(b) of the FLSA or Section 107 of the FMLA. Generally, a suit for unpaid wages or other compensation,
including liquidated damages, must be filed within two years of a violation of the FLSA or FMLA. Do not sign this receipt unless
you have actually received this payment in the amount indicated above.

RETALIATION AND KICKBACKS PROHIBITED: Your employer is prohibited from retaliating against you for accepting
payment of wages you are owed or from requiring you to return or decline payment of the wages owed to you. Your employer is
also prohibited from retaliating against any person who files a complaint with the Wage and Hour Division (WHD) or cooperates
with a WHD investigation. Your employer is also prohibited from interfering with, restraining, or denying the exercise of Family
Medical Leave Act (FMLA) rights. You should contact the WHD immediately if your employer takes any of these actions or fails
to comply with the law in the future. Your identity will be kept confidential to the maximum extent possible under existing law.
You may contact the WHD by calling 1-866-487-9243 or 702-388-6001 .

Signature of employee _Ethel J. Williams_          Date _8-18-14_
Address _5055 W. Hacienda Cal Apt 1004  LV NV 89118_

I understand that my signature on this receipt and waiver attests to the fact that I have actually received the payment in the amount
indicated above of the wages, liquidated damages, or other compensation due to me, and that I waive my right to bring suit as
described above, and covering the period set forth above.

EMPLOYER'S CERTIFICATION TO WAGE AND HOUR DIVISION OF THE DEPARTMENT OF LABOR:

I hereby certify that I have on this (Date) _3/03/2014_ paid the above-named
employee in full covering lost or denied wages, liquidated damages, or other compensation as stated above. I further certify that I
have not and will not retaliate against the above-named employee for accepting this payment and I have not and will not ask the
employee to return all or part of this payment to me.

Signature _May W. W_          Title _Assistant General Counsel_
_(employer or authorized representative)_

PENALTIES INCLUDING FINES OR IMPRISONMENT ARE PRESCRIBED FOR A FALSE
STATEMENT OR MISREPRESENTATION UNDER U.S. CODE, TITLE 18, SEC. 1001

Date:07/16/2014 4:32:06 PM          Case ID:   1701119          Form WH-58 (Rev. May 2013)
Page 1

# NATIONAL REGISTERED AGENTS, INC. OF NV
## SERVICE OF PROCESS SUMMAR   TRANSMITTAL FORM

To:  Robert J Riek
PREFERRED CARE, INC.
5500 W. PLANO PARKWAY
PLANO, TX 75093

SOP Transmittal #  52 2 3792

800-592-9023 - Telephone

Entity Served:  PREFERRED CARE WEST II, INC.  (Domestic State: DELAWARE)

Enclosed herewith are legal documents received on behalf of the above captioned entity by National Registered Agents, Inc. of NV or its Affiliate in the State of NEVADA on this 07 day of December, 2015. The following is a summary of the document(s) received:

1.  **Title of Action:**  ETHEL WILLIAMS, Pltf. vs. PREFERRED CARE WEST II, INC., etc., et al., Dfts.

2.  **Document(s) Served:**   COMPLAINT,SUMMONS
Other: Affidavit/Jury Trial/Exhibit(s)

3.  **Court of Jurisdiction/Case Number:** Clark County District Court, NV
Case # A15728249C

4.  **Amount Claimed, if any:**  N/A

5.  **Method of Service:**

_X_ Personally served by:  _X_ Process Server  ___ Deputy Sheriff  ___ U. S Marshall

___ Delivered Via:  ___ Certified Mail  ___ Regular Mail  ___ Facsimile

___ Other (Explain):

6.  **Date and Time of Receipt:**  12/07/2015 11:45:00 AM CST

7.  **Appearance/Answer Date:**  Within 20 days

8.  **Received From:**   JAMES P. KEMP     9.  **Federal Express Airbill #** 781886720917
KEMP & KEMP
7435 W. Azure Drive
Suite 110      10.  **Call Made to:** Not required
Las Vegas, NV 89130
702-258-1183

11.  **Special Comments:**
SOP Papers with Transmittal, via Fed Ex 2 Day

Image SOP

Email Notification,  Robert J Riek  BOB@RWTX.COM

Email Notification,  JEANINE BREEDLOVE  JEANINE.BREEDLOVE@PCITEXAS.NET

Email Notification,  Anita Hungle  anita.hungle@pcitexas.net


**NATIONAL REGISTERED AGENTS, INC. OF NV**      **CopiesTo:**


Transmitted by  Amy McLaren

The information contained in this Summary Transmittal Form is provided by National Registered Agents, Inc. of NV for informational purposes only and should not be considered a legal opinion. It is the responsibility of the parties receiving this form to review the legal documents forwarded and to take appropriate action.

ORIGINAL

nhd
12/7/15
11:45

SUMM

# DISTRICT COURT
## CLARK COUNTY, NEVADA

ETHEL WILLIAMS,                          )
                                         )
            Plaintiff,                   )    Case No.: A-15-728249-C
                                         )
vs.                                      )    Dept. No. XIX
                                         )
PREFERRED CARE WEST II, INC., a          )
Delaware Corporation, d/b/a MISSION      )    **SUMMONS**
PINES NURSING AND REHABILITATION         )
CENTER; DOES I-X; ROE                    )
CORPORATIONS I-X,                        )
                                         )
            Defendant.                   )
_____)

NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.

TO THE DEFENDANT(S): A civil Complaint has been filed by the Plaintiff(s) against you for the relief set forth in the Complaint.

**PREFERRED CARE WEST II, INC., a Delaware Corporation;**

1.  If you intend to defend this lawsuit, within 20 days after this Summons is served on you, exclusive of the day of service, you must do the following:
    (a)   File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court, with the appropriate filing fee.
    (b)   Serve a copy of your response upon the attorney whose name and address is shown below.

2.  Unless you respond, your default will be entered upon application of the Plaintiff(s) and this Court may enter a judgment against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3.  If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

4.  The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members and legislators, each have 45 days after service of this Summons within which to file an answer or other responsive pleading to the Complaint.

Submitted by:                                       CLERK OF COURT
                                                    KORY SCHLITZ

_____                   By: _____
JAMES P. KEMP, ESQ.                                       Deputy Clerk            Date
Nevada Bar No. 006375
KEMP & KEMP                                         NOV 3 0 2015
7435 W. Azure Drive, Suite 110
Las Vegas, Nevada 89130
(702) 258-1183
Attorney for Plaintiff

NOTE: When service is by publication, add a brief statement of the object of the action.
    See Rules of Civil Procedure 4(b).

STATE OF _____)
                        )ss:                         **AFFIDAVIT OF SERVICE**
COUNTY OF_____)

_____, being duly sworn, says: That at all times herein affiant was and is a citizen of the United States, over 18 years of age, not a party to nor interested in the proceeding in which this affidavit is made. That affiant received _____ copy(ies) of the Summons and Complaint, _____ on the _____ day of _____, 20_____ and served the same on the _____ day of _____, 20_____ by:

**(Affiant must complete the appropriate paragraph)**

1. Delivering and leaving a copy with the Defendant _____at (state address) _____
   _____

2. Serving the Defendant _____ by personally delivering and leaving a copy with _____, a person of suitable age and discretion residing at the Defendant's usual place of abode located at: (state address) _____.

**(Use paragraph 3 for service upon agent, completing A or B)**

3. Serving the Defendant _____by personally delivering and leaving a copy at (state address) _____

   a. With _____ as _____ , an agent lawfully designated by statute to accept service of process;
   b. With _____, pursuant to NRS 14.020 as a person of suitable age and discretion at the above address, which address is the address of the resident agent as shown on the current certificate of designation filed with the Secretary of State.

4. Personally depositing a copy in a mail box of the United States Post Office, enclosed in a sealed envelope, postage prepaid (Check appropriate method):

   _____ Ordinary mail
   _____ Certified mail, return receipt requested
   _____ Registered mail, return receipt requested

   addressed to the Defendant _____ at Defendant's last known address which is (state address) _____.

COMPLETE ONE OF THE FOLLOWING:

(a)  If executed in this state, "I declare under penalty of perjury that the foregoing is true and correct."

                                        _____
                                        Signature of person making service

(b)  If executed outside of this state, "I declare under penalty of perjury under the law of the State of Nevada that the foregoing is true and correct."

                                        _____
                                        Signature of person making service